# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TOMMY TOLER,**
**Claimant Below, Petitioner**

**FILED**
**November 20, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 12-0263** (BOR Appeal No. 2046193)
                       (Claim No. 2010136020)

**PINNACLE MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tommy Toler, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pinnacle Mining Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 31, 2012, in which the Board affirmed a July 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 14, 2010, Order rejecting Mr. Toler's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Toler retired on March 29, 2009, after being employed as a coal miner/mechanic by Pinnacle Mining Company for approximately thirty-one years. In May of 2010, Mr. Toler was diagnosed with carpal tunnel syndrome. The claims administrator rejected his application for workers' compensation benefits and held that a work-related injury had not occurred. The Office of Judges held that the evidence did not support Mr. Toler's argument that his carpal tunnel syndrome was caused by his employment. Mr. Toler disagrees and asserts that a preponderance of the evidence establishes that he developed carpal tunnel syndrome in the course of and as a result of his employment. Pinnacle Mining Company maintains that a clear preponderance of the evidence demonstrates that Mr. Toler's carpal tunnel syndrome was non-occupational.

1

On May 3, 2010, Dr. Othman performed a nerve conduction study, and an EMG of Mr. Toler's upper extremities that revealed mild carpal tunnel in both wrists with significant weakness. Dr. Muscari diagnosed Mr. Toler with occupational carpal tunnel syndrome in both wrists. On May 24, 2011, Dr. Guberman opined that Mr. Toler's bilateral carpal tunnel syndrome was causally related to the use of his hands at work. On September 8, 2010, Dr. Mukkamala opined that Mr. Toler had a borderline case of carpal tunnel syndrome causally related to non-occupational activities and excessive weight. Dr. Mukkamala noted that Mr. Toler's symptoms became worse after he stopped working and began doing activities around the house. The Office of Judges noted that Mr. Toler did not list carpal tunnel syndrome on his Social Security Disability application on November 25, 2009, and therefore concluded that he did not have carpal tunnel syndrome at that time. The Office of Judges found that Dr. Velasquez's report on January 26, 2010, did not indicate that Mr. Toler had discussed symptoms of carpal tunnel syndrome at that time. Dr. Lambrechts's February 11, 2010, report of physical residual functional capacity assessment did not indicate carpal tunnel syndrome. The Office of Judges found that the evidence does not support Mr. Toler's argument that his carpal tunnel syndrome was caused in the course of and as a result of his employment. The Board of Review reached the same reasoned conclusion in its decision of January 31, 2012. We agree with the reasoning and conclusions of the Office of Judges and the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II